# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 19-cv-01979-DDD-KLM

PAMELA HUNTER, and
MARIE PHILLIPS-DURANT,

    Plaintiffs,

    v.

CC GAMING, LLC d/b/a Johnny Z's Casino, a Colorado limited liability company,
JZ GAMING, LLC d/b/a Z Casino, a Colorado limited liability company, and
GREGORY GAMING, LLC d/b/a Grand Z Casino Hotel, a Colorado limited liability company,

    Defendants.

## SECOND AMENDED FINAL CLASS ACTION SETTLEMENT AGREEMENT

This **SECOND AMENDED SETTLEMENT AGREEMENT** is entered into by and among Pamela Hunter and Marie Phillips-Durant ("Plaintiffs" or "Named Plaintiffs") and CC Gaming, LLC d//b/a Johnny Z's Casino, JZ Gaming, LLC d/b/a Z Casino, and Gregory Gaming, LLC d/b/a Grand Z Casino Hotel (all "Z Casinos" or "Defendants") (together, the "Parties").

**WHEREAS**, Plaintiffs have, on behalf of themselves and all others similarly situated, asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Colorado Wage Act ("CWA"), C.R.S. §§ 8-4-101, *et seq.* based on allegations that Defendants failed to properly pay regular and overtime wages required by law due to a rounding algorithm for hours worked;

**WHEREAS**, among other defenses, Defendants alleged that the rounding algorithm was fair and neutral on its face and as applied and that the rounded time did not encompass time during which the employees were engaged in actual, compensable work;

4838-8577-2252.1                                       1

**WHEREAS**, asserting numerous defenses, Defendants denied all allegations made by Plaintiffs;

**WHEREAS**, Plaintiffs maintain that they would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement with Defendants, taking into account the relative risks of proceeding to trial on these claims;

**WHEREAS**, Plaintiffs and their counsel have fully analyzed and evaluated their class action claims, Defendants' defenses, and this Settlement as it affects absent class members;

**WHEREAS**, Defendants maintain that they would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement that will allow it to avoid prolonged and expensive litigation;

**WHEREAS**, the Parties desire to resolve amicably, completely, and forever all disputes between them regarding compensation for hours while employed during the time period described herein without delay and without the expense occasioned by litigation;

**NOW THEREFORE, IT IS STIPULATED AND AGREED** by and among the Parties to this Second Amended Settlement Agreement ("Agreement") that this controversy shall be settled and compromised, and upon the Court's preliminary approval of the terms and conditions set forth below, the Parties agree to fully execute this Agreement, as set forth below:

## I.  DEFINITIONS

The following definitions shall apply to the remainder of this Agreement.

"Named Plaintiffs" are Pamela Hunter and Marie Phillips-Durant.

"Class Members" are all members of the Rule 23 Class, defined below, who are not Named Plaintiffs.

"Settlement Administrator" is Defendants' Counsel, subject to the Court's approval, who

will in good faith send out all necessary notices, opt-out forms, and receive all responses and/or objections on behalf of Class Members.

"Plaintiffs' Counsel" are Claire Hunter and Shelby Woods of HKM Employment Attorneys LLP, 730 17th St., #750, Denver, CO 80202.

"Defendants' Counsel" are Alice Conway Powers, Jon Olafson, and Joshua Kohler of Lewis Brisbois Bisgaard & Smith LLP, 1700 Lincoln Street, Suite 4000, Denver, CO 80203.

"Final Approval Order" shall mean the order of the District Court that gives the final approval to this Agreement.

"Effective Date" is the date designated in ¶ 9.

## II. CLASS CERTIFICATION

1. For the purposes of settlement, Defendants agree to class certification under Rule 23(b)(3) with respect to Plaintiffs' claims under Colorado law and the FLSA as identified in their Amended Complaint [Dkt. 29]. The Rule 23 and FLSA § 216(b) Class is defined as:

> ALL HOURLY, NON-EXEMPT EMPLOYEES WHO WORKED FOR DEFENDANTS IN THE STATE OF COLORADO ANY TIME BETWEEN JULY 9, 2017 AND SEPTEMBER 22, 2019 WHO HAVE NOT EXECUTED AN INDIVIDUAL SETTLEMENT AGREEMENT WITH DEFENDANTS.

This shall be the applicable definition for "Class Members" for purposes of this Agreement and for the settlement of this lawsuit and all of its claims and causes of action against Defendants.

## III. SETTLEMENT PAYMENT

2. In full settlement of Plaintiffs' claims, including the Named Plaintiffs and all claims asserted by the Class Members, without admitting any liability, Defendants shall pay an "all-inclusive," settlement payment of One Hundred Thousand and Three Hundred and Seven Dollars

and No Cents ($100,307.00) as payment of all sums due under the settlement (the "Settlement Payment").

3. All payments pursuant to this settlement to the Named Plaintiffs and Class Members who do not opt-out of the settlement shall be in full and final resolution of all claims and causes of action alleged in this lawsuit against Defendants; all attorneys' fees and litigations costs and expenses; costs of administrating the settlement; and any service awards awarded by the Court to the Named Plaintiffs. Additionally, the portion of the Settlement Payment designated as regular and overtime wages will be subject to deductions for all applicable state and federal taxes, deductions, and withholdings as required by law.

4. The Named Plaintiffs and Class Members are each responsible for any and all taxes associated with the monetary consideration provided under this Agreement and further agree to indemnify and hold Defendants harmless for all additional taxes, interest, and penalties incurred related to the payments received under this Agreement.

## IV.   GENERAL RELEASE

5. The Named Plaintiffs and the Class Members who do not timely opt-out of the settlement and each of their respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of their past, present, and future representatives ("Releasors") hereby release and forever discharge Defendants, including its past, present, and future parents, owners, agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers and directors in bother their corporate and individual (personal) capacities, predecessors and successors, and heirs, executors, assigns, and all persons acting by, through, under, or in concert with any of these ("Releasees") of and from all claims, charges, complaints, liabilities, obligations, suits, demands, costs, losses, debts, and

expenses, known or unknown, suspected or unsuspected, including, but not limited to, all claims for penalties, general damages, liquidated damages, punitive damages, compensatory damages, special damages, statutory damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever, that Releasors had, now have, or in the future may or could have, arising out of or relating in any way to wage and hour claims during their employment with Defendants, specifically to the payment/non-payment of wages or overtime under contract or federal, state, or other laws such as the FLSA or CWA.  This release will be and will remain a full and general release of the subject matter of the released claims.

### V. ALLOCATION AND DISTRIBUTION OF SETTLEMENT FUNDS

6. **Allocation:** Subject to the Court's authorization and the terms of this Agreement, the total settlement amount shall be distributed as follows:

| | |
|---|---|
| $72,805.31 | Named Plaintiffs and Class Members |
| $21,436.00 | Attorneys' Fees |
| $3,335.00 | Plaintiffs' Costs |
| $2,730.69 | Service Award for Plaintiffs |
| **$100,307.00** | **TOTAL** |

   a. **Named Plaintiffs and Class Members:** Subject to the Court's approval in a Final Fairness and Approval Hearing, the $72,805.31 of the Settlement Payment designated for the Named Plaintiffs and Class Members is a payment made by Defendant to the Named Plaintiffs and Class Members in full and final settlement of all claims, causes of action, and allegations raised on behalf of the Class Members in the lawsuit ("Class Settlement Payment").  The Class Settlement Payment shall be reduced in accordance with this Agreement for all applicable taxes, deductions, and withholding under state and federal law for the portion identified as "wages" and shall also be used to satisfy certain costs

and expenses, as detailed below in this Agreement.

b. **Attorneys' Fees:** Prior to the Final Fairness and Approval Hearing, Plaintiffs' Counsel will apply to the Court for an amount not to exceed thirty percent (30%) of the Class Settlement Payment as separate payment for good cause shown according to applicable law. Plaintiffs' Counsel's attorneys' fees will not exceed $21,436.00.

c. **Costs:** In addition to the Attorneys' Fees, Plaintiffs' Counsel will also ask the Court to order reimbursement of their reasonable out-of-pocket expenses. Plaintiffs' Counsel will be paid any fees and costs approved by the Court, but not to exceed $3,335.00. Plaintiffs' Counsel will be issued an IRS form 1099 for these amounts.

d. **Service Awards:** $2,730.69 of the Settlement Fund shall be earmarked for payment to the Named Plaintiffs for a "Service Award," subject to the Court's approval. Prior to the Final Fairness and Approval Hearing, Plaintiffs will seek approval from the Court for $1,365.34 service awards for each Named Plaintiff from the Settlement Fund in recognition of their service to the class in pursuing this settlement. Each Named Plaintiff shall be paid any amount approved by the Court as a service award. The service award to the Named Plaintiffs shall not be deducted in any manner for the payment of attorneys' fees. Named Plaintiffs shall be issues an IRS 1099 for these amounts. Any amount of the earmarked amount not approved by the Court for the Service Award shall revert back to the Settlement Fund available for distribution to the Class Members.

e. **Settlement Administration Costs:** The Settlement Administrator shall

   maintain records for the Settlement Administration Costs associated with administering this settlement and shall be payable of out of the 353 Class Members with a Class Member Settlement Payment over twenty dollars ($20). These costs are limited to reasonable expenses associated with newspaper posting, copies, mailing, and postage, and the reimbursement shall not exceed three thousand dollars ($3,000.00).

 7. **Net Settlement Fund Distribution:** For the amount remaining in the Class Settlement Payment after deduction of the amounts identified in Paragraph 6 above, the Parties will distribute the Net Settlement Fund as outlined in Section VII, following the Final Approval Order.

VI. NOTICE PERIOD AND OPT-OUTS

 8. The Agreement shall be conditioned upon:

  a. The entry of a Final Approval Order by the Court that gives final Court approval of this Agreement, including, without limitation, the dismissal with prejudice of any claims by Plaintiffs as to all claims that were pleaded or that could have been pleaded in this action, including all class claims.

  b. The legal finality of the Final Approval Order of this Agreement by virtue of the Final Approval Order and no objections or upon entry of the Final Approval Order and its affirmance on appeal, if any.

 9. The Effective Date of the Agreement will be the later of (a) the Final Approval Order, or (b) if there are objections and an appeal of the Court's decision granting approval, the day after all appeals are finally resolved in favor of final approval. Upon the Effective Date, this lawsuit shall be dismissed with prejudice, without costs, and with all appeals waived, and the

Release shall be effective.

10. Within ten (10) days of the Preliminary Approval of the Settlement, the Settlement Administrator shall be responsible for transmitting the notice in English and Spanish ("Class Notice") of this settlement to all Class Members via first-class mail to all Class Members whose names are known based on their last known address.

11. If new contact information for Class Members becomes known to the Settlement Administrator during the administration of this settlement but after the initial transmission of Notice, the Settlement Administrator shall transmit, insofar as it is relevant, the Class Notice and an opt-out form to that Class Member.

12. The form of the Class Notice shall be approved by the Court and shall contain either on its own or along with the forms transmitted with it (a) a description of the action; (b) a description of the consequences of opting out and the method of opting out; (c) the date, time, and place of the Final Approval Hearing and a description of the right to object to the settlement; (d) a statement that the settlement may have tax consequences and that Class Members should consult a tax professional about the tax consequences of the settlement; (e) a statement that the Parties approve of the settlement and that Defendants will not retaliate against any Plaintiffs participating in the settlement including by contacting immigration authorities; (f) a statement that Class Members do not need to do anything (other than not returning an opt-out form) in order to receive a settlement payment; and (g) a statement that Class Members who do not deposit their settlement payments within ninety (90) days after it is sent will be deemed to have waived their entitlement to any settlement payments under this Agreement.

13. Along with the Class Notice, the Settlement Administrator shall also transmit to Class Members opt-out forms in a form approved by the Court that Class Members can return to

Defendants' Counsel by email, fax, or U.S. Mail. Defendants' Counsel will forward copies of the opt-out forms to Plaintiffs' Counsel. The Settlement Administrator may also place an advertisement in the Weekly Register-Call in Blackhawk, Colorado or other similar local publisher.

14. If the mailed Class Notice is returned as undeliverable and the Settlement Administrator is unable to transmit the Class Notice via email, the Settlement Administrator shall, within five (5) days of receipt of such undeliverable notice, update the Class Member's address via the USPS National Change of Address List and shall re-mail the Class Notice to such person once via first class mail. No further address checking or re-mailing shall be required or performed to transmit Class Notice.

15. The transmission of Class Notice shall commence a 60-day Opt-Out Period. Potential Class Members who wish to exclude themselves from the settlement must return to Defendants' counsel, by email, fax or U.S. Mail, the opt-out form on or before the expiration of the Opt-Out Period. Potential Class Members who fail to submit a valid and timely opt-out form on or before the expiration of the Opt-Out Period shall be Class Members, and shall be bound by all terms of the settlement regardless of whether they have objected to the settlement.

16. A Class Member who submits an opt-out request may not object to the settlement. Any other Class Member may object to the settlement in the manner described in the Class Notice. Any Plaintiff or Class Member who fails to file a timely written objection shall be foreclosed from objecting to the settlement. A Class Member who wishes to object must file and serve any objections on Plaintiffs' Counsel and Defendants' Counsel so they are received no later than forty (40) days after the original transmission of Class Notice. An objection filed outside of this time will not be considered by the Court.

17. The Parties shall petition the United States District Court for the District of

Colorado for preliminary approval of the settlement and for Class Notice. The Parties will also submit this stipulation and a Proposed Final Approval Order.

18. The Parties shall petition the Court to hold a Final Fairness and Approval Hearing and will thereafter enter a Proposed Final Approval Order. At the Hearing, the Court will review any objections to the settlement. The Parties have the right to submit evidence or a response regarding such objections as part of or contemporaneous with the Parties' application for final settlement approval. Plaintiffs' counsel may communicate with any class members regarding a timely objection and may advise the Court of any class members who have communicated that they wish to withdraw their objections.

## VII.   PROCEDURE FOR SETTLEMENT PAYMENT

19. The calculations of gross (pre-tax, pre-cost) settlement payments for Class Members will be made by the Settlement Administrator based on records that have been or will be submitted to Plaintiff's Counsel, which records are presumed to be accurate. The amounts to be distributed to each Class Member will be based on a pro-rata portion of the Net Settlement Fund, taking into account each individual's alleged unpaid wages and a statutory penalty as a portion of the overall damages to Class Members. The Settlement Administrator shall provide their calculation of the settlement payments for Class Members to Plaintiff's Counsel, who shall have five (5) days to review the Settlement Administrator's calculations for compliance with the terms of this Agreement and to submit any concerns in writing to the Settlement Administrator. Thereafter, the Parties shall have five days to attempt to resolve any disputes relating to the calculations of the gross amounts of the settlement payments to Class Members. If the Parties are unable to resolve any disputes about calculating the gross settlement payments pursuant to this Agreement, they shall submit their respective positions to the Court, which shall make the final

decision regarding any disputed calculations of any gross settlement payments to Class Members.

20. Within fifteen (15) days of Preliminary Approval of this Agreement, the Settlement Administrator shall transmit the Class Notice and opt-out form to Class Members by first-class U.S. mail and email if available. This transmittal begins the Opt-Out Period, which shall last for sixty (60) days, and the Objection Period, which shall last for forty (40) days.

21. Within ten (10) days of the end of the Opt-Out Period, the Parties' counsel shall exchange copies of all written objections and requests for exclusion received regarding the settlement, together with a list of all Class Members entitled to receive a settlement payment based thereon. Plaintiffs' Counsel shall have ten (10) days after receiving and exchanging the foregoing documents to challenge any eligibility determination relating to Class Members made by the Settlement Administrator in writing to the Settlement Administrator. Within five (5) days of submitting such concerns to the Settlement Administrator, the Parties' counsel shall meet and confer in an attempt to resolve any disputes relating to the eligibility determinations regarding Class Members entitled to receive a settlement payment. In the event the Parties are unable to reach resolution on any disputes relating to the eligibility determinations, the Parties shall submit their respective positions in writing to the Court, which shall make the final decision regarding the eligibility determinations relating to the Class Members entitled to receive settlement payments from the Net Settlement Fund.

22. Within ten (10) days of the end of the Opt-Out Period, the Settlement Administrator shall make calculations of payments to Class Members who have not opted out of the Settlement and Named Plaintiffs. After the pro-rata deduction of Settlement Administration costs from those Class Members who have not opted out and have a gross settlement payment in excess of twenty dollars ($20), the settlement payments for Class Members will be adjusted for withholding of the

Class Members' and Named Plaintiffs applicable payroll taxes, deductions, and withholding under applicable state and federal law, and report said calculations to the Parties in a consolidated report. Within fourteen (14) days of the final calculations, the Parties shall move for the Final Approval Order to trigger the Effective Date.

23. Within fourteen (14) days of the Effective Date, the Settlement Administrator shall distribute from the Settlement Fund Plaintiff's Counsel's attorneys' fees, costs, and any service award for the Named Plaintiffs as approved by the Court, as well as the Named Plaintiffs' respective portions of the Settlement Fund. The Settlement Administrator shall deliver to Plaintiffs' Counsel the payments referenced in this Paragraph.

24. Within thirty (30) days of the Effective Date, the Settlement Administrator shall issue and mail settlement checks, along with any required tax documents, to each settlement Class Member. In lieu of issuing checks to Class Members who are current employees, the Settlement Administrator may be permitted to use direct deposit for current employees who regularly receive wage payments through such means. In the event any settlement checks are returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall, within ten (10) days thereof, attempt to re-deliver the settlement check to a return address, if one is listed. No further attempts at delivery of the settlement check are required to be made.

25. The settlement checks issued to Class Members by the Settlement Administrator will remain negotiable for ~~ninety~~ one hundred and eighty (~~90~~180) days after mailing. A Class Member's failure to cash the check will be deemed an irrevocable waiver of any right to the settlement payment, but will not relieve the Class Member of the binding effect of the Settlement.

26. In the event any portion of the Net Settlement Fund remains after one hundred and ~~twenty~~ eighty (~~120~~180) days after the initial distribution of the settlement checks, such funds shall

be considered Residual Funds. Fifty (50%) of these Residual Funds shall be distributed by the Settlement Administrator to Defendants and fifty percent (50%) of these Residual Funds shall be distributed to the Integrated Family Community Services ("IFCS"), which provides basic human services and enrichment programs to low-income family members, using community resources, with proof of such payment being provided in the Settlement Administrator's final accounting and certificate of completion filed with the Court.

27. ~~One~~ Two hundred and ~~forty~~ ten (~~140~~210) days following the Effective Date, the Settlement Administrator shall provide to the Parties and file with the Court a final accounting and certificate of completion of the administration of the settlement, along with any undeliverable notices received, and records reflecting the additional attempt made by the Settlement Administrator to deliver the settlement to a return address, if applicable.

28. In the event that the absence of a signed order by the Court on a point that requires an order of the Court delays performance of any of the above settlement administration or payment obligations by the date specified in the above schedule, the (a) upon receipt of such Court order(s), such obligation shall be performed within the same number of days following the receipt of such Court order(s) as the time interval that existed in the original schedule between the immediately preceding settlement administration or payment obligation and the next settlement administration or payment obligation to be performed, and (b) the dates for the ensuing steps of settlement administration or payment obligations in the above schedule shall be adjusted accordingly based upon the new date for performing the next step of settlement administration or payment obligation, maintaining the same intervals between steps as in the original schedule.

## VIII.   MISCELLANEOUS PROVISIONS

29. **No Interference with Class Members:** Defendants and Defendants' Counsel agree

that they will not solicit or advise potential Class Members to request exclusion from the class or to object to the settlement or to appeal the Court's Final Approval of the settlement and will not represent, or arrange representation for, any potential Class Member in requesting exclusion from the potential class and/or filing a separate action.

30. **Entire Agreement:** It is understood and agreed by the Parties that this Agreement contains the entire understanding between them.  No oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist.  The Agreement cannot be changed or terminated except by the written amendment to this Agreement signed by counsel for the Parties.

31. **Binding:** In the event the Agreement is not preliminary or finally approved by the Court, no party will be bound to the settlement or the Agreement.

32. The Parties and their counsel will cooperate with each other to reduce the costs of administering the settlement and use their best efforts to implement this Settlement.  If the Parties are unable to reach an agreement on the implementation of this Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, then either Party may seek the Court's assistance to resolve such disagreement.

**FOR DEFENDANTS:**

_____

John Zimpel

**FOR PAMELA HUNTER**

_____

Pamela Hunter

**FOR MARIE PHILLIPS-DURANT**

_____

Marie Phillips-Durant